
RECEIVED

OCT 2 6 2016

DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: 16-6184

Case Name: Amy Mischler v. Susan Clary, et al.

Name: Amy Mischler

Address: 1120 Palm Court

City: Okeechobee          State: FL       Zip Code: 34974

## PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?    ☑ Yes        ☐ No

   If so, what facts?

   > Please see attached document.

2. Do you think the District Court applied the wrong law?    ☑ Yes        ☐ No

   If so, what law do you want applied?

   > Plesae see attached document.

3. Do you feel that there are any others reasons why the District Court's judgment was wrong? ☑ Yes ☐ No
If so, what are they?

Please see attached document.

4. What specific issues do you wish to raise on appeal?

Please see attached document.

5. What action do you want the Court of Appeals to take in this case?

Please see attached document.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 24 day of October , 20 16.

Signature (Notary not required)

*Amy Mischle*

Mischler v. Clary 16-6184

Attachment.

## Preliminary Statement

I would have used the form exactly as provided but I found difficult to so under the unique procedural fact pattern of this case. I have used the form in part. I apologize for any confusion for not using the form exactly as drafted.

First, the District Court in error only analyzed some of the causes of action against some of the appellees. All counts were against all defendants. The appellee wrote their 43 page memorandum to dismiss knowing this. The Appellant wrote a 48 page memorandum in opposition.

In contrast, the court wrote a 15 page order to dismiss with only 12 and a half pages relevant to the motion. These 12 and half pages were devoid of any actual facts with analysis from the complaint to support the dismissal. There are eleven entire arguments by the Appellee that the District Court never acknowledges in its order.

Second, there were originally four defendants in the complaint. The District Court removed one defendant without a factual finding by simply ordering the clerk to only serve three of the defendants.

Third, I have newly discovered information that places me in a class of "falsely accused substantiated child abusers" by the Kentucky Court system and the Cabinet for Health and Family Services. With details later if leave is granted, I will show the Sixth Circuit that the Kentucky Supreme Court has a substantial financial interest with the Kentucky Cabinet for Health and Family Services to discriminate against me to prevent from uncovering the actions of the Cabinet.[1]

## A. FAILURE TO TAKE AS TRUE PLAINTIFFS STATEMENTS.

The Court cites that the motion is a 12(b)(6) which requires *"in light most favorable to the plaintiff, accept all factual*

---

[1] I was illegally ruled a substantiated child abuser without due process notice by the KY Cabinet for Health and Family Services in October 2006. It was illegally and anonymously placed on the internet where I learned of it and filed for an administrative hearing in March 2007 where I won and had my named cleared of being a substantiated child abuser. However, I have learned as of 2016 that the Cabinet continued to create and maintain records stating that I was a substantiated child abuser even after I cleared my name. The Cabinet shares this information of who are "substantiated child abusers" with AOC and the Kentucky Supreme Court. BOTH the Cabinet and the Kentucky Supreme Court have received substantial financial grants from the Federal Government which they are in violation of having revoked and possibly repay due to violating the civil rights of individuals like myself.

allegations as true, draw all reasonable inference in favor of the *plaintiff*".ID#1140.   But then IN CONTRARY the District Court applies a different standard stating "*with a factual attack, **no presumption of truthfulness applies to the allegations** and the court is free to weight the evidence*".

The motion was filed by the Appellee pursuant to Civ. Rule 12(b)(1) and 12(b)(6).

The District Court should not have the right to choose what standard it has to mashup two standards and hold against the Appellant the harsher standard which occurred here.

The District Court failed to take anything in my complaint as true.  Or in the alternative, the District Court must be required to state which standard it uses for each dismissal.

## B.  NO ACTUAL FACTUAL ANALYSIS PER LAW

Using the wrong standard of "*no presumption of truthfulness*"; the District Court summarily denied my complaint without applying the facts which are in great detail in the complaint.   There was no legal analysis using the facts stated

because the District Court is applying the no presumption of truthfulness standard.

## C. First Cause of Action: KRS 21A.030(1)(3) violates the United States Constitution and the Kentucky Constitution Page ID#93 through#94 and ID#79-80, ID#34-87, ID#89-113.

District Court acknowledge that the test was 1) "*void for vagueness*" ID# 1143 but dismissed on 2)standard "*somehow detrimental*", 3) duplication of statute and 4) plaintiff did not allege a protected class. ID# 1143, 1144.

### C1. Did the District Court incorrectly decide the facts? YES.

The KY Supreme Court Clerk put the wrong date on my pleading I mailed to them. When I asked them why they said they didn't open the mail every day. They admitted in the video of the phone conversation that they would have placed a different date than the correct date if I had not paid extra postage to the United States Postal service for tracking.

I found through research that there were no actual rules that required KY Supreme Court to correctly stamp the correct date on pleadings to the KY Supreme Court.

Implicitly the US. Constitution requires state supreme courts to produce written rules to the public how their cases are to be processed by the clerks of those courts.

C2.  Do you think the District Court applied the wrong law? Yes.  If so, what law do you want applied.

A. The correct law was cited: test to determine void for vagueness.  But the District Court did not actually apply any factual or legal analysis from the complaint or motions to the void for vagueness test.

Incorrect test:  The District Court then stated that I had to show "*somehow detrimental to [me]*.  I don't have to show this because this isn't the test.  But I did show actual detriment.  In the video I almost cry talking to the Clerk stating how the differential treatment really upset me.  Further, if I had been too poor to pay for extra for shipping by the post office or not diligent to catch the mistake of the clerk stamping the wrong and late date;

I would have been adversely affected by my pleading being "late" though it was in fact on time.[2]

## B. Duplication of statute.

The District Court states that there is duplication of statute. This argument is irrelevant because one of the issues is that the Kentucky Supreme Court clerk doesn't open its mail when it receives it. Pleadings are not stamped correctly unless sent paying extra postage by litigants to the US Postal Service. Litigants who don't know this can be harmed if they didn't pay extra postage to be able to prove that the Postal Service delivered the pleading on a specific day.[3] The statute is irrelevant if the clerks are not physically stamping the correct date on the pleading.

---

[2] Because there are no written rules what the KY Supreme Court Clerk is supposed to do; there is no rule that actually requires the clerk to stamp an accurate date on a KY Supreme Court pleading. Although most people would assume such a rule would exist; it does not and that is why the statute is unconstitutional. However, if the Chief Justice actually published rules by administrative order what the clerks duties are, that in itself would satisfy the void for vagueness test. BUT, no such rules have been published or are have been discovered by me. The Kentucky Court system is antiquated beyond belief.

[3] One of the excuses in the video phone recording is that it was sent to the wrong address. The KY Supreme Court only publishes one mailing address on its website and that is the address to which I mailed the pleading.

C. Protected Class

I do not think that a person has to be a part of protected class to allege an equal protection claim arising out of due process violation.

Further, I am a female. I am a non-attorney and my ex husband is an attorney; all the defendants are members of the Kentucky Bar Association with my ex-husband and are discriminating against me because I am not a member of the Kentucky Bar Association.[4]

Third, I am part of the class of "falsely accused substantiated child abusers" which the Kentucky Supreme Court receives substantial financial through grants from the Federal Government.

## D. II. Second Cause of Action: Kentucky Supreme Court violates the United States Constitution Fourteenth Amendment due process clause by not making public all Administrative Orders.

---

[4] Please see collateral appeal 16-6185 where a judge without subject matter jurisdiction changed child custody to a unnamed woman [Stevens mother] where once again, members of the Kentucky Bar Association violate the rule of law to benefit member and discriminate against me, a non-member.

District Court ONLY ASSUMED complaint was against the Kentucky Supreme Court. Count two was against all defendants, including Clary, Thompson, unserved Minton and the Kentucky Supreme Court.

Count II was dismissed only against the KY Supreme Court on 1)11th Amendment and 2) KY Supreme Court is not a person.

<u>D1. Did the District Court incorrectly decide the facts? Yes. IF so, what facts.</u>

First, count 2 was against all four defendants. Minton, had he been served, Clary and Thompson are not entitled to 11th Amendment immunity.

Second, Sixth Circuit FRAP rules are 100% analogous to the Kentucky Supreme Court Administrative Rules.

The Sixth Circuit would never expect a litigant to have to follow FRAP rules that the Sixth Circuit did not make available to the public and to the litigant.

However, that is exactly what Kentucky did and is still doing. Specifically, Appellee Clary is responsible for making the administrative rules public. She intentionally did not in the

unenumerated administrative order regarding senior judges.[5]  I go into great detail on Page ID#95, 89-91.[6]  Unserved Minton is Clary's supervisor. While he was not involved in hiding the administrative order; he is responsible after the fact of being noticed.

Minton was supposed to be served as a representative for the Kentucky Supreme Court.  The 11th Amendment would not stand against him.  The 11th Amendment also does not bar suit against Clary.  See Ex parte Young that injunctive relief is available.

Because I am requesting in my relief injunctive relief to require Clary, the KY Supreme Court and unserved Minton to put all administrative orders in a single PDF like the Sixth Circuit Frap; this is reasonable and no 11th Amendment immunity can bar this request for injunctive relief.

---

[5] The orders are supposed to be enumerated in the year they are issued such as 16-1, 16-2 ect.  This administrative order had no such enumeration so it literally took years for the Appellant to track down it's existence and obtain a copy after she was already affected by its contents.

[6] The former chief justice Joseph Lambert gave himself authority exceeding the statute to financially increase or decrease the extra retirement payments for the senior judges.  Thus Appellee Clary's motive for hiding the administrative order is the illegal enrichment of retirement not personally aimed at the Appellant.  However, the Appellant was affected by having several senior judges assigned to her cases and not knowing that pursuant to this secret administrative order that the senior judge was supposed to have a meeting with the clerk and the prior judge to "decide how to proceed" in Ms. Mischler's state court cases.

FURTHER, the Kentucky Supreme Court has accepted substantial financial grants from the Federal Department of Human Health Services through the Kentucky Cabinet for Health and Family Services.[7] Each of those grants each year is predicated on being non-discriminatory and not violating the Constitutional rights of ordinary people like me.

I can show that the Kentucky Supreme Court and the Kentucky Cabinet for Health and Family Services has unconstitutionally and falsely labeled me as a "substantiated child abuser" and keeping records stating I was a child abuser provided to the Kentucky Supreme Court even after I facially won administrative hearing and cleared my name.[8]

The doctrine of unclean hands prevents the Kentucky Supreme Court from raising an 11th Amendment immunity because its agent AOC promises not to violate constitutional

---

[7] This will be supplemented with leave of the Court and the Sixth Circuit will be dismayed on how financially reliant the entire KY Court system is on federal dollars.

[8] My legal theory is that at the local level social workers are creating a "**McCarthy blackball list**" placing citizens on the child abuser list without due process notice for local political favor. That child abuser list and the Cabinet records are supposed to be confidential. They are in fact, not confidential as thousands of employees of the Cabinet, AOC, other state agencies and private contractors have unmonitored access to these cabinet records. Please note the 2007 Office of Inspector General Report specifically admits that KY is placing people as substantiated child abusers in Cabinet records with no due process notice required by Federal Law and Kentucky Statute through a certified letter through the United States postal Service.

rights in return for receiving hundreds of thousands of dollars each year through the Federal Department of Human and Health Services.

## E. Third Cause of Action: Denial of Access to the Courts.

District Court only applied this cause of action to Clary and dismissed without legal analysis that Clary has "quasi-judicial immunity" simply for being Clerk of the Kentucky Supreme Court.

### E1. Did the District court incorrectly decide on the facts? Yes.

The Court lists some of the actions but then never actually does legal analysis with the action and the law.

### E2. Do you think the District Court applied the wrong law? Yes. If so, what law do you want applied.

It's not the job title that determines immunity but the actual act alleged.

The District Court summarily says Clary is a clerk thus she has immunity. This is wrong according to the United States Supreme Court. In <u>Forrester v. White</u>, 484 U.S. 224 [1988] there

is a 9 non-exhaustive list of factors found on the Appellants memorandum on Page ID#1082.

The District Court should have applied this list of factors where the act in question by Clary, Thompson, or by Minton if he had been served; were judicial or not judicial.[9]

The District Court did not apply any of this test though on notice of it from the Appellant.

For example, is publishing administrative order to the public a judicial function? Of course it isn't. It is a clerical job and thus not protected by judicial immunity.

Is opening the mail when received a judicial function? Of course it isn't. It is a clerical job to open the mail and stamp a legal pleading with the correct date and thus not protected by judicial immunity.

---

[9] One of the issues with Kentucky's antiquated court system is that Appellee Clary, who has been there since 1981 has every job title known possible, all co-currently. She is the clerk, she is the general counsel for the KY Supreme Court and she is the court administrator. In short, it appears that Appellee Clary who is unelected is the most powerful individual in the entire Kentucky Court system even beyond that of the Chief Justice whom facially she appointed by. Yet, no one ever wrote down the simple rule that Appellee Clary's employees should open their mail every day and put the correct date on a KY Supreme Court pleading. Last, because the Kentucky Supreme Court is very secretive about how it spends its budget; it's unknown if Appellee Clary is receiving only one salary or three separate salaries.

Is assigning a mystery person to Ms. Mischler's case a "judicial function"?  I can't answer that question because there are no written rules about who that person may be and that person has yet to be identified.[10]

## F.  Fourth Cause of Action: Denial of Grievances

The District Court only applies this count to Appellee Clary although it was written against all four named defendants.

F1.  Did the District court incorrectly decide on the facts? Yes.

The Court lists some of the actions but then never actually does legal analysis with the action and the law.

F2.  Do you think the District Court applied the wrong law?  Yes.  If so, what law do you want applied.

It's not the job title that determines immunity but the alleged act.

The District Court summarily says Clary is a clerk thus she has immunity.  This is wrong according to the United States Supreme Court.  In Forrester v. White, 484 U.S. 224 [1988] there

---

[10] It's my thought that Larrin Thompson is the mystery person which is why she was included in all counts.

is a 9 non-exhaustive list of factors found on the Appellants memorandum on Page ID#1082.

I complained that the KY Supreme Court Clerks office did not place the correct date on my pleading, sought legal advice from my opposing counsel, and obstructed me by misrepresenting a mystery unknown person making decision on my pleadings. Under the United States Constitution I have a right to redress for these grievances.

Clary and the other defendants never gave me redress or even acknowledge the actions.

The District Court did no analysis whether these actions are judicial or otherwise pursuant to <u>Forrester</u>.

## G. FIFTH CAUSE OF ACTION: Denial of Access to the Courts.

The District Court only applies this count to Appellee Clary although it was written against all four named defendants.

<u>G1.   Did the District court incorrectly decide on the facts? Yes</u>.

Larrin Thompson was assigned to Justice Scott who recused. Thus, she could not be a law clerk capacity at the time of the wrongful acts. Justice Scott failed to state his reason for recusal but should have noticed the record that one of the defendants was the father of his law clerk.

G2.  Do you think the District Court applied the wrong law? Yes.  If so, what law do you want applied.

It's not the job title that determines immunity but the actual act.

The District Court summarily says Thompson was a law clerk thus she has immunity.  This is wrong according to the United States Supreme Court.  In Forrester v. White, 484 U.S. 224 [1988] there is a 9 non-exhaustive list of factors found on the Appellants memorandum on Page ID#1082.

Larrin Thompson harmed not only the integrity and reputation of the Kentucky Supreme Court but also that of the Eastern District of Kentucky Federal Court.   Thompson was a perpetual law clerk for first, the KY Attorney Generals Office, then

the EDKY, and then two separate justices of the Kentucky Supreme Court.

Larry Thompson was a defendant in 13-cv-8 [EDKY] where Judge Amul Thapar was assigned and was very fair to me.

When I discovered on social media that Larrin Thompson was working at the Kentucky Supreme Court; I properly noticed the conflict in case 13-cv-8[26] EDKY. It was thereafter that Judge Thapar sua spontae recused because he had worked with Larrin Thompson.[11]

Judge Thapar has been very fair to me and read and took my pleadings seriously. I am so sorry he left the case because he was fair while I feel I have been treated very differently by Senior Judge Phillips.

Larrin Thompson was allowed to email, converse, and communicate with members of the KY Supreme Court including their clerks to influence the state proceedings to protect her father. This denied me the right to a fair tribunal. Unserved Minton, Clary, Thompson, nor the Kentucky Supreme Court took

---

[11] All the defendants in 13-cv-8 [EDKY] knew of the potential conflict of interest with Larrin Thompson and the case in the Eastern District of Kentucky Federal Court. None of them reported it on the record.

any action to notice the official record of Larrin Thompson being the daughter of litigant Larry Thompson in either the federal or state actions.

## H.  Sixth Cause of Action:  FRAUD

The District Court only applied this count against Appellee Clary.  This was against all four named defendants including Chief Justice Minton.

H1.   Did the District court incorrectly decide on the facts? Yes. H2.  Do you think the District Court applied the wrong law? Yes.  If so, what law do you want applied.

First, fraud is a common law claim not a Section 1983 claim as implied by the District Court.  Kentucky statute for fraud is five years pursuant to Kentucky Statute 413.120(12).

This is the only claim beyond one year in the complaint and thus page 15 of the complaint regarding statute of limitations can only be about this cause of action.

There is no legal analysis of the actions described in the complaint where Clary, Thompson or Minton would be entitled to judicial immunity.

The District Court summarily says Clary was clerk thus she has immunity. It's the alleged act not the title that determines immunity according to the United States Supreme Court. In Forrester v. White, 484 U.S. 224 [1988] there is a 9 non-exhaustive list of factors found on the Appellants memorandum on Page ID#1082 to determine whether the act alleged would be immune.

Since the case I tried to file was never filed but illegally sent back to me by Clary and Minton; how can they have judicial immunity for a case that never was a judicial case? And is the act of sending it back to me a judicial act?

## I. Seventh Cause of Action: Outrage.

I1. Did the District court incorrectly decide on the facts? Yes. I2. Do you think the District Court applied the wrong law? Yes. If so, what law do you want applied.

First, the District Court says this count is only against Larrin Thompson. However, I clearly name Clary and Minton as actors. See Page ID#98.

The District Court says summarily Thompson was a clerk thus she has immunity. This is wrong according to the United States Supreme Court. It's the act that determines immunity not the title. In Forrester v. White, 484 U.S. 224 [1988] there is a 9 non-exhaustive list of factors found on the Appellants memorandum on Page ID#1082.

District Court should do actual analysis found in Forrester in regards to each act of outrage to determine whether the act was judicial in nature. If it is not a judicial act then it does not have judicial immunity.

**J. Do you feel there are any other reasons why the District Court judgment was wrong. Yes**.

1) The District Court without any factual finding removed Defendant Minton from being served the complaint. I waited until the appeal to bring this up to save judicial resources at the Sixth Circuit.

2) The District Court was given confidential prepared report by a psychologist that in case 13-cv-8 [EDKY] that the District Court even stated was irrelevant. However, now the District

Court is biased against me because of statements in that report that were non-favorable to me.  Please see collateral appeal 16-6185 for more details.

3)   Judge Amul Thapar was very fair and as the former United States Attorney in the Eastern District of Kentucky and was aware of serious dysfunction in the Kentucky State Court system outside of my allegations.  Judge Phillips, a senior judge from Tennessee has trouble believing the allegations from me, a pro se that the Kentucky Court system is this dysfunctional.

4)   Pro se cases are more time consuming for Federal Judges and their staffs.  With respect to the Court; my cases allege serious issues which require a younger, not semi-retired judge to be able to give full attention to these matters.

5)   The District Court stated that I violated a court order when I did not.  The District Court said I was freely given leave to amend my complaint.  There were no prohibitions on adding defendants nor did the District Court state specifically that Defendant Minton was removed.

Later, the District Court said I violated a court order and I presume as punishment, was not allowed to amend and sua spontae only ordered three defendants of the defendants served ignoring that Defendant Minton was a necessary defendant.

## K.  What specific issues do you wish to raise on appeal?

1)   District Court cannot remove one defendant [Minton] from being served without giving a factual finding in the record.

2)  District Court failed to use the correct standard "*assume all facts are true*" by the Appellant in its order.  It is clear error to use the standard "*no presumption of truthfulness*" against the appellant as an excuse in order not to give legal analysis to support dismissal.

3)   District Court failed to use legal analysis to support its position giving immunity.

4)  Judicial immunity to individuals must be analyzed on the act alleged and not summarily granted because of a title.

5)  While the District Court cited to the correct test on the Constitutionality of KRS 21A.030(1)(3); in error it substituted a

requirement of "detrimental harm" without any legal citation that such was required.

6)  When a state court system including its Supreme Court is acting in a manner clearly in violation of the US Constitution; the Federal Courts have an obligation to examine the operation of that state court system.[12]

7)  District Court is in error assuming only some of the causes of action were against single defendants.  If the District Court was confused it had a duty to ask for clarification from the litigants.

8)  Appellee Clary and Thompson are individuals and do not have 11th Amendment Immunity. The District Court was in error assuming Count II was only against the entity the Kentucky Supreme Court.[13]

9) To ensure the public trust of integrity in both the Federal and State Court systems both actual and potential conflicts of

---

[12] This is also a matter of judicial resources.  Kentucky state court dysfunction greatly burdens the Federal District Court and the Federal Sixth Circuit with pro se litigants who were denied fundamental rights because of KY's failure to address it's dysfunction.

[13] The reason I included the KY Supreme Court as an entity was for notice purposes.  That why individual justices of the KY Supreme Court could not say that they did not have notice of the action filed or the acts alleged therein.

interest of law clerks must be noticed upon the official court record.

10)  The state court system cannot assign "mystery people" with an unknown title to Ms. Mischler's case without telling her who this person is.[14]

11)  Kentucky should be required to publish all its administrative orders to the public.  To ensure compliance Ms. Mischler requests the Sixth Circuit to order the KY Supreme Court to publish all it's valid administrative orders in a single PDF like the Sixth Circuit does it's FRAP.[15]

## L.  What action do you want the Court of Appeals to take in this case?

1)  Order Judge Phillips to vacate his order in its entirety and recuse with Judge Amul Thapar reassigned to the case.[16]

2)  Order the District Court to order the second amended complaint to be served upon on all defendants named.

---

[14] If there wasn't a video recording of the telephone call no one would believe me that the Clerk's office said a mystery person was assigned to my case.

[15] Not only are some orders never published.  KY does not publish the administrative orders in a single document for all orders; but all orders as a single document.  This makes researching the orders exceptionally difficult.

[16] The Appellant waives any objection to Thapar having worked prior with Larrin Thompson.

3) In the event that 1 and 2 are not granted: I would like the order vacated and the District Court ordered to use the correct standard of 1)believing my allegations, 2)applying facts to the law, 3)rule that KRS 21A.030(1)(3) is unconstitutional, 4)rule that Clary, Thompson, and Minton do not have 11th Amendment immunity, 5)order Minton to be served, 6) giving guidance to state and federal courts how to address law clerk potential conflict of interest, 7)and all the dismissed counts overturned and ruled in my favor.

4) Order the Kentucky Supreme Court to file all its administrative orders in a single PDF like the FRAP rules and require compliance in perpetuity.

I certify that copy of this brief was sent to opposing counsel via U.S. Mail on this the 24th Day of October 2016.

Respectfully submitted,

Amy Mischler
1120 Palm Court
Okeechobee, Florida 34974
963-763-6213

PRESS FIRMLY TO SEAL          PRESS

# PRIORITY®
## ★ MAIL ★

- 📅 DATE OF DELIVERY SPECIFIED*
- 📶 USPS TRACKING™ INCLUDED*
- 💲 INSURANCE INCLUDED*
- 🚚 PICKUP AVAILABLE
   * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP14F July 2013
OD: 12.5 x 9.5

VIS
ORD

P S 00001000014

This envelope is made from post-consumer waste. Please recycle - again.

---

**UNITED STATES**
**POSTAL SERVICE ®**

## Click-N-Ship®



USPS.COM
$6.45
US POSTAGE
Flat Rate Env

9405 8036 9930 0328 7449 21 0004 5000 0054 0202

03/23/2018          Mailed from 34974      0025000000310

### PRIORITY MAIL 2-DAY™

AMY MISCHLER                          Expected Delivery Date: 05/26/18
1120 PALM CT
OKEECHOBEE FL 34974-0526                            **0006**

                                                   C023

SHIP   CLERK OF COURT
TO:    SIXTH CIRCUIT UNITED STATES COURT OF APPEALS
       100 E 5TH ST
       RM 540
       **CINCINNATI OH 45202-3945**

### USPS TRACKING #

9405 8036 9930 0328 7449 21

Electronic Rate Approved #038555749